LAMRO INDEPENDENT CONSOLIDATED SCHOOL DISTRICT NO. 20 OF TRIPP COUNTY, SOUTH DAKOTA, Respondent v. CAWTHORNE et al., Appellant

(73 N.W.2d 337)

(File No. 9364. Opinion filed December 2, 1955)

**G. F. Johnson**, Gregory, for Defendants and Appellants.
**M. Q. Sharpe**, Kennebec, for Plaintiff and Respondent.

RUDOLPH, P. J. Plaintiff brought this action to recover from defendants damages caused by their son to the school building which he attended and to certain school property. Judgment against defendants was entered and they have appealed.

The facts, except as to the property damaged, are not

in dispute. The defendants' son, Duane, sixteen years old, was attending school in Winner. About midnight on September 19, 1950, Duane and another boy who did not attend this school, illegally entered the school building and turned on a drinking fountain and threw cement on the floors. They adjusted the drinking fountain so that it flowed continually and overflowed onto the floor. By morning, when the school house was opened, considerable damage had occurred due to the water and cement.

Plaintiff based its claim against Duane's parents upon SDC 15.3009, which is as follows:

> "Any pupil, who cuts, defaces, or otherwise injures any schoolhouse, apparatus, or outbuilding thereof, is liable to suspension or expulsion; and, on the complaint of the teacher to any member of the school board, the parents or guardians of such pupil shall be liable for all damages."

This statute has been a part of our law since 1893. Section 15, Chapter VIII, Chapter 78, Laws of 1893. No action based on this statute has been presented to this court. California has a similar statute, Deering, General Laws of California, Act 7519, § 1.33, West's Ann. Education Code, § 16074. This California statute goes back to 1872 and was amended by Sec. 66, Chap. 543, page 112, Laws of California 1873-74, to read:

> "Any pupil who cuts, defaces, or otherwise injures any school house, fences, or outbuildings thereof, is liable to suspension or expulsion, and on the complaint of the teacher or Trustees the parents or guardians of such pupil shall be liable for all damages."

The California statute was again amended in 1931 to read as it presently exists, which is:

> "Any pupil who wilfully cuts, defaces, or otherwise injures in any way any property, real or personal, belonging to a school district is liable to suspension or expulsion, and the parent or guardian shall be liable for all damages so caused by such pupil."

We have been unable to find a California case decided under this statute, so perhaps its mention is more interesting than helpful. However, it does appear that the California stat-

ute as well as our own came into existence at an early date in the history of each state. The original California statute refers to fences and outbuildings, ours to outbuildings, and each makes a reference to the teacher. We think it clear that neither originally contemplated the buildings and property of modern high schools. The California statute has been amended to bring it in harmony with existing conditions, ours has not. Ours still refers to the teacher and makes liability of the parents dependent upon the teacher complaining to a member of the school board.

■ Our general law relating to the liability of parents for the acts of their child is contained in SDC 14.0309, as follows:

"Neither parent nor child is answerable as such, for the act of the other."

Such is the common law upon the subject, 67 C.J.S., Parent and Child, § 66. It is clear that under this general law the parents of the boy who accompanied Duane would not be liable for the damage he caused. The statute upon which plaintiff relies must be considered as an exception to our general law and should not by construction be extended further than its language fairly warrants, and all doubts should be resolved in favor of the general law rather than the exception. Mitchell Produce Co. v. Morrison, 63 S.D. 127, 257 N.W. 47.

When this statute is attempted to be applied to the present dispute where the boy broke into the school building in the middle of the night when no teacher was in the building or perhaps within blocks thereof, the inquiry immediately arises why does the statute make liability of the parents dependent upon complaint of the teacher. Or suppose, for example, a boy following his second year in high school broke into the building during the summer vacation and caused damage, should liability of the parent be dependent upon the complaint of the teacher? Or let us assume that a boy attending the school broke in during the Christmas vacation; the same question arises.

■■ We cannot assume that the words "on the complaint of the teacher" were put in the statute without some legislative purpose. It seems the words have no purpose

when the damage was committed at a time when the teacher had no more knowledge concerning the cause of damage than a member of the school board or anyone else. The words having no purpose under such circumstances we do not believe the statute was intended to cover such an occurrence. The words disclose a definite purpose when the application of the statute is limited to the time the child is under the immediate supervision of the teacher, and we do not believe the language of the statute should be further extended. In any event making liability of parents dependent upon a complaint of the teacher makes it appear extremely doubtful whether the legislature intended that such liability should exist for acts of the child when not under the immediate supervision of the teacher, and applying the above rule of statutory construction, we must hold that the general law on the subject applies and the parents are not answerable for the acts of the child under the circumstances here presented.

The judgment appealed from is reversed.

All the judges concur.